**J. W. BLUME, Appellant,**

v.

**CITY OF DELAND, Appellee.**

**No. 22226.**

United States Court of Appeals
Fifth Circuit.

March 28, 1966.

Gerald R. Hart, Jacksonville, Fla., for appellant.

Thorwald J. Husfeld, William E. Sherman, DeLand, Fla., for appellee.

Before PHILLIPS, Senior Judge,* and JONES and BROWN, Circuit Judges.

PER CURIAM:

The appellant, J. W. Blume, was the owner of property in the City of DeLand, Florida, upon which certain buildings were situate. The City determined that the buildings were unsafe and were a public nuisance. The City, acting pursu-

* Of the Tenth Circuit, sitting by designation.

ant to an ordinance, had the buildings demolished and placed a lien on the property for the cost of the demolition. The ordinance of the City which authorized the City to condemn and demolish unsafe structures provided that upon a determination that a structure was unsafe, the owner should be given notice to improve or demolish the building. The appellant brought an action in the district court under 28 U.S.C.A. § 1343(3),[1] claiming that he had been given no valid notice of the intent to demolish the buildings and that his property had been taken from him without due process of law. The sole defendant was the appellee, City of DeLand, a municipal corporation. The district court was of the opinion that State court remedies should initially interpret their ordinances and determine whether such ordinances are being applied in accordance with law, and apparently took the view that the Federal court had no jurisdiction of the subject matter. The district court in its order also held that if the Court had jurisdiction, the case seemed to be one for abstention. An order of dismissal was entered.

■■ We think that the court had jurisdiction of the subject matter of the suit.[2] If there was jurisdiction and the cause was one for abstention, there should not have been an order of dismissal, but jurisdiction should have been retained pending the State court determination as to the construction of the City ordinance.

■ It is the view of this Court that the principle announced in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492, precludes the maintaining of a cause of action such as is asserted by the appellant against a municipal corporation and, therefore, the order dismissing the complaint must be affirmed. However, such affirmance should be without prejudice to the bringing of an action against any individuals who may have committed any acts giving rise to an actionable claim.

Affirmed.

1. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

* * * * *

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

2 The amount for which the appellant sued was $10,000 rather than in excess of $10,- 000 as is required where the amount in controversy is jurisdictional. The amount in controversy is immaterial in an action under 28 U.S.C.A. § 1343(3).