**Harvey F. EUGE, Plaintiff,**

v.

**William TRANTINA, Director of Dept. of Safety, City of St. Louis, Mo.; Kenneth O. Brown, Building Commissioner of City of St. Louis, Mo.; Alfonso J. Cervantes, Mayor of the City of St. Louis, Mo.; City of St. Louis, Missouri, a Municipal Corp.; Richard Thomas d/b/a Richard Thomas Wrecking Co.; and Harold J. Howard d/b/a Howard Wrecking Co., Defendants.**

**No. 68 C 478(1).**

United States District Court
E. D. Missouri, E. D.

Jan. 29, 1969.

---

3. Plaintiffs' Exhibit 1.

Harvey F. Euge pro se.

Robert C. McNicholas, St. Louis, Mo., for defendants Trantina, Brown, Cervantes and the City of St. Louis, Mo.

Stanley Schechter, St. Louis, Mo., for defendant Thomas, d/b/ Richard Thomas Wrecking Co.

W. D. Shavers, St. Louis, Mo., for defendant Howard, d/b/a Howard Wrecking Co.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

All of the defendants named herein have filed motions to dismiss this cause for a variety of reasons: (1) Lack of diversity of citizenship; (2) failure to join as party plaintiffs certain property owners whose presence would defeat diversity; (3) that plaintiff, pro se, is engaging in the unauthorized practice of law; (4) lack of requisite jurisdictional amount; (5) failure to exhaust the appropriate administrative remedies; (6) failure to provide the court with an appropriate reason to exercise its judicial discretion under section 2201; (7) immunity of the defendant, City of St. Louis, from tort damages; (8) that plaintiff is not entitled to punitive damages; (9) plaintiff's violation of Rule 8(a); and (10) plaintiff's alleged unclean hands in that his original verified complaint and his amended verified complain contain conflicting statements.

To place these alleged insufficiencies into prospective a short statement of the substance of this suit is appropriate. Basically, the complainant, Harvey F.

Euge, *pro se*, filed this suit on verified complaint with verified amendment, seeking a variety of prohibitory and mandatory injunctions and damages, both compensatory and punitive against the named defendants. His complaint arises out of certain "condemnation" actions taken under the authority of section 2126.0 et. seq. of the Revised Ordinances of the City of St. Louis. This section provides a procedure whereby structures which do not comply with the Building Code of the City of St. Louis can be removed. Complainant also seeks a declaration that the section is unconstitutional. According to the allegations of the complaint, the City pursuant to the above noted ordinance, removed and demolished certain structures at 1127 Dolman Street and 1219 North Market Street, and further is in the process of securing the removal of property at 2328 Whittemore Place.

■■ It must first be stated clearly that the statute complained of is constitutional on its face. It is perfectly clear that in the interests of the general welfare, and the safety, and the health of its residents, a state and a subdivision thereof can regulate through the use of building codes and provide for their enforcement. Art. XIII section 15 (e) of the Charter of the City of St. Louis delegates this power to a division of the department of public safety. A similar ordinance withstood attack in Baker v. Mueller, 222 F.2d 180 (7th Cir. 1955). The questioned ordinance provides for notice to the owner (as indicated by the deed in the St. Louis Recorder's Office) with adequate provisions for appeal and a hearing with full review, and then provides for further appeal under section 536.100–536.140 RSMo 1959, The Missouri Administrative Review Act. Any of the appeals taken under the provisions of the ordinance stay the proceedings automatically. Section 2127.5 Revised Ordinances.

■ The court takes judicial notice of the fact that on several prior occasions in which the complainant has instituted lawsuits in this court his actual citizenship has been called into question. As pointed out by certain of the defendants here, while alleging citizenship in Illinois, Mr. Euge also alleges that he is the *occupant* of the property in question and further in compliance with Rule 11, gives as his permanent mailing address one in the City of St. Louis, Missouri. This is mentioned by way of illustration, for the court is of the opinion that each of the grounds alleged by the defendants as bases for dismissal has some merit.

■ In the court's opinion two legal doctrines compel dismissal: Abstention and Exhaustion. That abstention may be applicable is seen in Blume v. City of Deland, 358 F.2d 698 (5th Cir. 1966). The use of "may be" is appropriate here where the pro se complaint contains much verbiage and vindictive language to the point of obscuring the actual complaint. Complainant has not alleged jurisdiction by reason of 28 U.S.C.A. § 1343 in so many words. However, if he intended that section to be applicable, abstention would be appropriate in this situation. The Missouri courts have been solicitous of those who have utilized their procedures in relation to St. Louis City Ordinances such as this. See e.g., Aronoff v. City of St. Louis, 327 S.W.2d 171 (Mo.1959). These matters are of particular local concern and the state judiciary should have the opportunity to deal therewith without federal intervention.

■■ The second of these doctrines, exhaustion, is more particularly applicable. As heretofore noted, the ordinance involved provides for certain rather extensive administrative review of the initial determination that the structure is in fact unsafe, et cetera. "The long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted," should be applied here. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). The courts, and particularly the federal court, should

not interfere with an internal state function such as this, unless and until the complainant has attempted redress through the procedures specified.

Complainant's complaint reveals affirmatively that he has not availed himself of the remedies available under the questioned ordinances, and, therefore, this court is required to decline jurisdiction. This is not a case in which the state remedy is inadequate, nor is any other exception to the exhaustion rule applicable.

Accordingly, the defendant's motions to dismiss are sustained, and plaintiff's cause is dismissed without prejudice.