**Manvel Craig McGUIRE, individually and on behalf of all other persons similarly situated, Plaintiff,**

v.

**STATE OF IOWA and Ray A. Fenton, as County Attorney and Supervisor of all County Attorneys in Polk County, Iowa, et al., Defendants.**

Civ. No. 10–106–C–1.

United States District Court,
S. D. Iowa,
Central Division.

Nov. 6, 1970.

J. Jane Fox, Des Moines, Iowa, for plaintiff.

of corporation's breach of employment contract) ; Cranston v. Bluhm, 33 Wis. 2d 192, 147 N.W.2d 337 (1967).

20. *See* W. P. Iverson & Co. v. Dunham Mfg. Co., 18 Ill.App.2d 404, 152 N.E. 2d 615 (1958) (conspiracy, including directors, to dissolve corporation so as to avoid contract with plaintiff).

21. Pennington Trap Rock Co. v. Pennington Quarry Co., 22 N.J.Misc. 318, 38 A.2d 869, 871 (1944) (sole stockholder *inducing breach of lease between the corporation and plaintiff*) ; *cf.* Hitchcock v. American Plate Glass Co., 259 F. 948 (3rd Cir. 1919).

244

Richard C. Turner, Atty. Gen., of Iowa, Ray A. Fenton, County Atty., Polk County, Iowa, and Rodney J. Ryan, Asst. County Atty., Polk County, Iowa, for defendants.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

■ This matter is allegedly a class action, brought by Manvel Craig McGuire pursuant to Rule 23 of the Federal Rules of Civil Procedure on his own behalf and on behalf of others similarly situated ultimately seeking declaratory and injunctive relief from a three-judge court. The complaint confronts this Court with a challenge to the constitutionality of certain state legislation, specifically that portion of Section 123.42 [1] of the 1966 Code of Iowa which makes it a crime to simulate intoxication. Defendants are the State of Iowa,[2] the City of Des Moines, Iowa, Ray A. Fenton as County Attorney and Supervisor of all county attorneys in Polk County, Iowa, and Wendell Nichols as Chief of Police of the City of Des Moines and Supervisor of all police officers in the City of Des Moines. This complaint brings to a head the duty of a federal district court to yield rather than encroach upon matters properly cognizable by state courts.

McGuire seeks to invoke the equitable jurisdiction of this Court on the basis of the Civil Rights Act, 28 U.S.C. § 1343. This expansive jurisdictional statute purports to give this Court "original jurisdiction" of action "[t]o redress the deprivation, under color of any State law * * of any right * * * secured by the Constitution * * *" 28 U.S.C. § 1343 (3).

The papers and pleadings before the Court establish the following set of facts.

McGuire was arrested by Des Moines police officers and charged with the offense of simulated intoxication on September 9, 1970. He was arraigned the following day in the Municipal Court of the City of Des Moines at which time he entered a plea of not guilty. At the arraignment the case was set down for trial on September 18, 1970. On September 17, 1970, McGuire appeared before this Court to obtain a temporary restraining order for the purpose of restraining defendants from trying him for violation of § 123.42. This Court heard both parties and denied the application on the ground that McGuire had completely failed to demonstrate the immediate and irreparable injury allegedly threatened by the Municipal Court proceedings. McGuire was tried and convicted in the Municipal Court of the City of Des Moines on September 18, 1970. He was immediately sentenced to ten days in jail. McGuire is, however, currently free on appeal bond, and an appeal of this conviction is now pending before the Supreme Court of Iowa. The parties have stipulated that McGuire was arrested, charged and convicted under section 123.-42 of the Code of Iowa, 1966.

As a concomitant to his challenge to the constitutionality of § 123.42 McGuire has moved for the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284, for the stated purpose of securing a permanent injunction restraining the enforcement, application or execution of that portion of the statute which makes it a crime to simulate intoxication as against himself and all members of the class he purports to represent. Both the state and city defendants have moved to dismiss the complaint, asserting, inter alia, the following grounds: (1) McGuire has failed to raise

1. Section 123.42 Code of Iowa 1966 " * * * * and no person shall * * * simulate intoxication in a public place; * * * * "

2. The State of Iowa not having consented to suit is not a proper party. Parden v. Terminal Ry. Co., 377 U.S. 184, 186, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1963).

However, defendant, Ray A. Fenton as County Attorney is charged with enforcing a statute of statewide application and in that regard this action meets the requirement of invoking the jurisdiction of a three-judge court. Griffin v. School Board, 377 U.S. 218, 227–228, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964).

a substantial federal question to necessitate the convening of a three-judge panel; (2) this court should apply the doctrine of abstention so that the Supreme Court of Iowa can determine these issues; and (3) the complaint wholly fails to disclose irreparable injury or harm of such a nature as to justify equitable relief.

In its most basic sense, the present suit brings into sharp focus the special delicacy of the adjustment to be preserved between the equitable power of this Court and the resolution by the Supreme Court of Iowa of unsettled questions of Iowa law. (See Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951)). For this reason, the Court on September 18, 1970, ordered a hearing on October 16, 1970 to consider the threshold questions of subject matter jurisdiction and the substantiality, if any, of the federal question(s) framed by the complaint.

### Subject Matter Jurisdiction

As noted above the complaint relies on 28 U.S.C. § 1343 as its basis of jurisdiction. Although the complaint contains little in the way of specific factual allegations and is replete with conclusionary allegations, the Court begins its analysis of the difficult questions raised therein with the premise that it states a claim for relief under § 1343.

■■ The decisional law of the United States Supreme Court and the lower federal courts has long recognized that there may be circumstances under which a federal district court may decline to proceed to decision though it has jurisdiction under the Constitution and the statutes. The cases in which this has been recognized are usually referred to as establishing the doctrine of abstention. See discussion in Wright, Federal Courts, 2nd Ed., § 52, pp. 196–208. Kurland, Toward a Cooperative Judicial Federalism: The Federal Court Abstention Doctrine, 24 F.R.D. 481. The philosophy of this doctrine is to avoid unnecessary friction in federal-state relationships. The public policy considerations underlying the application of the doctrine are generally the scrupulous regard for the rightful independence of state government and the smooth working of the federal judiciary. Great Lake Dredge & Dock Co., et al. v. Huffman, 319 U.S. 293, 298, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); Railroad Comm. of Texas v. Pullman Co., 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Spector Motor Service v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944). The gist of the doctrine is this: a federal district court is vested with discretion to decline to exercise (Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)) or to postpone the exercise (Railroad Comm. of Texas v. Pullman Co., *supra*) of its jurisdiction in deference to state court resolution of unsettled questions of state law or for the purpose of avoiding needless conflict with the administration by a state of its own affairs, e. g. Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1941); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). The doctrine is applicable where, as here, the plaintiff is suing under 28 U.S.C. § 1343. Harrison v. N. A. A. C. P., 360 U.S. 167, 169, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); Whitner v. Davis, 410 F.2d 24, 28 (9th Cir. 1969); See also, Euge v. Trantina, 298 F.Supp. 873 (E.D.Mo.1969), aff'd (on other grounds) 422 F.2d 1070 (8th Cir. 1970). In view of the fact that the doctrine is necessary as an irreducible minimum to the preservation of a strong Federalism, it is doubtful that it will ever completely "lose its charm." Compare, Lerner v. Town of Islip, 272 F. Supp. 664 (E.D.N.Y.1967).

An understanding of the import of the foregoing principles impels this Court to determine whether it ought not sua sponte decline to exercise its judisdiction so that the parties may obtain from the Supreme Court of Iowa an adjudication of their claims. It is at this point instructive to recall that every question sought to be raised in this Court by McGuire is pending also in the Supreme Court of Iowa.

■ A thorough analysis of the papers and pleadings filed in connection with the instant case renders it difficult to conceive of a factual setting wherein the justification for applying the doctrine of abstention could be more bright and clear. McGuire attacks the constitutionality of an Iowa penal statute; the Supreme Court of Iowa has yet to pass upon the validity of this particular statute; the matter of McGuire's conviction and the constitutional validity of the statute pursuant to which this conviction was had is presently pending in the Iowa Supreme Court; and, McGuire suffers not a scintilla of harm in the event this Court dismissed his complaint. Moreover, § 123.42 leaves "reasonable room for a construction by the Supreme Court of Iowa which might avoid in whole or in part the necessity for a constitutional adjudication by this Court." Harrison v. N. A. A. C. P., *supra*. For example, the Supreme Court of Iowa might find the statute unconstitutional. Finally, in the event McGuire should determine that the Supreme Court of Iowa has prejudiced his federal rights, this can be redressed by review of such action in the Supreme Court of the United States.

The Court concludes that it has subject matter jurisdiction under 28 U.S.C. § 1343. However, because of the special circumstances extant under the facts of this case, the Court abstains from exercising its subject matter jurisdiction. Zwickler v. Koota, 389 U.S. 241, 248–249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). Accordingly, the complaint will be dismissed so that the Supreme Court of Iowa, as the final expositor of Iowa law, can determine the unsettled question of the constitutionality of § 123.42, Code of Iowa, 1966, free from Federal intervention. The motion to convene a three-judge court is therefore not reached.

It is ordered that the motion of the defendants herein to dismiss the complaint of Manvel Craig McGuire be and is hereby sustained.

Dated this 6th day of November, 1970.