**Leslie CANTY, Jr., Plaintiff-Appellant,**

v.

**The BOARD OF EDUCATION OF the CITY OF NEW YORK, Defendant-Appellee.**

**No. 992, Docket 71-1312.**

United States Court of Appeals, Second Circuit.

Argued June 23, 1971.

Decided Sept. 3, 1971.

Louis L. Hoynes, Jr., New York City (Richard A. Bertocci, Frank J. Simone, Jr., Willkie, Farr & Gallagher, New York City, on the brief), for appellant.

Nina G. Goldstein, New York City (J. Lee Rankin, Corporation Counsel, City of New York, Stanley Buchsbaum, New York City, on the brief), for appellee.

Before SMITH and HAYS, Circuit Judges, and POLLACK, District Judge.*

HAYS, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, dismissing plaintiff's complaint on defendant's motion for summary judgment. The essence of plaintiff's claim is that the failure to provide a full trial type hearing upon his discharge from his position as a junior high school teacher constituted a denial of due process. Jurisdiction is asserted under the Fourteenth Amendment and under 42 U.S.C. § 1983 (1964) and 28 U.S.C. § 1343(3) (1964). Since we find that the complaint does not state a claim properly cognizable in the federal court, we affirm the determination of the district court.

Plaintiff Canty is the holder of a substitute teacher's license in the New York City school system. In September 1969 he was engaged to teach science at Junior High School No. 136 as a regular substitute teacher, a probationary status. One month later, he was given an unsatisfactory performance rating and discharged on an emergency basis, that is, without the 10 days notice and severance pay to which he would otherwise be entitled. Plaintiff's principal gave various reasons for this action. These included charges that plaintiff kept children in school for several hours after class, that plaintiff used physical force on children, that his language and grammar were de-

ficient, that he was late for a class and was found sleeping in the teacher's room when a pupil was dispatched to locate him, that an inordinate number of children were referred to the dean by plaintiff without reason for the referrals, and that plaintiff was absent from school on two occasions for which an explanation was requested but never given.

Plaintiff denies the truth of these charges and asserts that students in his class were out to "get rid" of him and made false complaints, that he was marking papers, not sleeping, in the teachers room, and that his absences were caused by his being held incommunicado in a North Carolina jail, after his arrest in a local speed trap.

Plaintiff secured a hearing before the New York City Human Rights Commission where it was stipulated that the complaint filed with the Commission would be dismissed if the Board of Education provided a hearing for plaintiff. Such a hearing was granted as a "Step 1" grievance procedure pursuant to the collective bargaining agreement between the Board of Education and the United Federation of Teachers. The Board upheld the principal's finding of an emergency, justifying plaintiff's discharge without notice and pay. At the "Step 2" grievance level, however, this determination was reversed and the plaintiff was awarded 10 additional days salary. Plaintiff's request for a "Step 3" hearing was denied on the ground that, under the by-laws of the Board of Education, the basis alleged for his discharge, his unsatisfactory rating, was reviewable by the Superintendent of Schools. Although plaintiff's request for a hearing by the Superintendent was late, the time limitation was waived and he was granted a hearing before an Assistant Superintendent. Plaintiff, his principal, a fellow teacher, and a union representative testified at the hearing. Plaintiff's appeal was denied. Plaintiff alleges that it was only well after the complaint in the instant action had been filed that he dis-

---

* Of the United States District Court for the Southern District of New York.

covered that he could appeal this determination. By this time the 30 day limit for such an appeal had expired.

■■■ Plaintiff's complaint was properly dismissed because his claim is not cognizable in the federal courts under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) (1964). As this court said in Tichon v. Harder, 438 F.2d 1396, 1399 (2d Cir. 1971), "the claim that appellant was denied procedural due process had no independent jurisdictional significance." The civil rights statutes confer jurisdiction only when "the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights." Hague v. C. I. O., 307 U.S. 496, 531, 59 S.Ct. 954, 971, 83 L.Ed. 1423 (1939); Eisen v. Eastman, 421 F.2d 560, 566 (2d Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed. 2d 75 (1970). In a case where a denial of procedural due process is alleged, "the *Hague* and *Eisen* test focuses on the interests claimed to be injured by the denial of due process, because it is the character of those interests that determines whether the suit involves a 'right of personal liberty' or not." Tichon v. Harder, *supra* 438 F.2d at 1399 (footnote and citation omitted).[1]

The facts of this case are remarkably similar to those in the *Tichon* case. As was true in that case, "the circumstances of appellant's dismissal involve none of the essential elements of § 1343(3) jurisdiction." Tichon v. Harder, *supra* at 1401. In both cases probationary employees were discharged for unsatisfactory work from positions of public employment. In neither case was the capacity to hold further employment, including public employment, impaired to any greater degree than would result from a similar rating in private employment.

"Although every dismissal for reasons other than reduction in the work force can be said to have some impact on future employability * * * in the absence of a clear, immediate and substantial impact on the employee's reputation which effectively destroys his ability to engage in his occupation, it cannot be said that a right of personal liberty is involved." *Id*. at 1402 (citation and footnote omitted).

Though plaintiff may indeed find it more difficult to obtain employment, "Congress did not intend that every claim of unfair treatment by a state of an employee, even accompanied by a lack of procedural due process, could be brought to the federal courts." *Id*. at 1402.

The plaintiff cites Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966). In that case it was alleged that Birnbaum, a staff physician of Coney Island Municipal Hospital, was summarily dismissed in consequence of labor union pressures based on a claim that he was guilty of anti-Negro bias. The complaint claimed that Birnbaum's dismissal was followed by official blacklisting by the First Deputy Commissioner of the New York City Department of Hospitals.[2] In the present case plaintiff's discharge was not based upon any charge that he was guilty of discrimination on racial grounds, a charge which, as we said in Birnbaum v. Trussell, *supra* at 679, "permanently brands the person accused as one who is unable to put public and professional duty above personal bias." Nor is there a suggestion of any such official blacklisting as would support a charge of conspiracy by state officials to deprive Canty of rights secured by § 1983. *Id*. at 676–677. *Birnbaum* is, therefore, readily distinguishable from the present case, and, as this court said in Tichon v. Harder, *supra*, 438 F.2d at 1403, "[t]he

1. For a review of some of the relevant cases involving discharge from public employment see Tichon v. Harder, 438 F. 2d 1396, 1399–1400 (2d Cir. 1971).

2. Although Canty makes some vague references in his brief to racial discrimination against him, his complaint alleges no facts to support such a claim, and, indeed, the claim was raised here for the first time.

line was drawn in *Birnbaum* and should remain there."

Since under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), the district court had no jurisdiction of plaintiff's claim, we affirm the dismissal of the complaint.

The court commends appointed counsel, Mr. Louis L. Hoynes, Jr., for his able and conscientious representation of plaintiff-appellant in this case.