George W. GRISSOM, Plaintiff,

v.

BRANCH & ASSOCIATES, INC.,
Defendants.

Civ. A. No. 71-C-45-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

March 27, 1972.

John H. Kennett, Jr., Roanoke, Va., for plaintiff.

Robert E. Glenn, Eggleston, Butler & Glenn, Roanoke, Va., for Branch & Associates.

G. O. Clemens, Kime, Jolly, Clemens & Canterbury, Salem, Va., for defendants Paul B. Matthews and Harold A. Dickerson.

## OPINION and JUDGMENT

DALTON, District Judge.

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, the defendants, Paul B. Matthews, Harold A. Dickerson, and Branch & Associates, Inc., a Virginia Corporation, request the court to enter an order dismissing plaintiff's complaint.

In support of their motion to dismiss, the defendants have asserted a variety of reasons: (1) that defendants, acting as agents of the County of Roanoke, are immune from personal liability; (2) that no Civil Rights cause of action arises from the enforcement of a lawfully enacted building code; (3) that the court should abstain from considering matters of particular local concern; (4) that plaintiff has failed to exhaust his state remedies; (5) that the complaint fails to state a claim under 42 U.S.C. § 1983, and its jurisdictional implementation, 28 U.S.C. § 1343(3); and (6) that plaintiff had ample prior opportunity to protect his rights in the administrative proceedings.

For purposes of evaluating the defendants' motion to dismiss, the allegations in plaintiff's complaint must be taken as true, Ickes v. Virginia-Colorado Development Corporation, 295 U.S. 639, 55 S.Ct. 888, 79 L.Ed. 1627 (1935). George W. Grissom seeks damages for injuries caused by defendants to real and personal property owned by him and located in Roanoke County, Virginia. It appears from the complaint that sometime prior to October 1969, plaintiff acquired a house in the County recently damaged by fire. Upon recommendation of Harold A. Dickerson, Roanoke County

Building Inspector, it was later determined administratively by the County Board of Adjustments and Appeals that plaintiff's house was unsafe and that as a public nuisance it should be destroyed. As agent of Roanoke County, Paul B. Matthews was authorized to employ Branch & Associates, Inc., to demolish the house. Accordingly, the house, with certain personal property located therein, was destroyed by the defendant corporation on April 9, 1970.

Plaintiff alleges that the defendants deprived him of a civil, that is, property, right without due process of law, to wit: that he received no notice of, nor was he present or represented at, the prior administrative proceedings; that he had been previously issued a building permit to restore the property to a reasonably safe condition, which permit continued in effect until April 17, 1970; and that the acts were committed without prior judicial sanction and without judicial review. He has further compassed this final assertion in a challenge to the constitutionality of the condemnation provisions of the enabling county ordinances. The plaintiff has not sought prior relief in the state courts.

This action cannot be sustained under 42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343(3) [1], for reasons which shall become apparent.

Because plaintiff has alleged no other basis of jurisdiction this court is without jurisdiction of the subject matter;

it follows that the motion to dismiss should be granted.

Since Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939) there has been no thorough discussion by the Supreme Court of the scope of 28 U.S.C. § 1343(3) [2], and apart from its age, Hague casts an uncertain light because of the absence of a majority opinion. Justice Stone, in his concurring opinion, stated that the civil rights jurisdiction properly applied only to civil, or personal, rather than to property rights; otherwise (the predecessor of) § 1343(3) would be so broad that it would cover the entire ground embraced by the present 28 U.S.C. § 1331 in all cases where natural persons complained of unconstitutional acts by state officials. Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969) cert. den., 400 U.S. 841, 91 S. Ct. 82, 27 L.Ed.2d 75 (1970). Justice Stone noted first that jurisdiction under the present § 1343(3) "must be deemed to include suits in which the subject matter is one incapable of valuation." 307 U.S. at 530, 59 S.Ct. at 971. The broader and true foundation of his formulation is that the special jurisdictional statute applies "whenever the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights." 307 U. S. at 531, 59 S.Ct. at 971.

The federal circuits have generally followed Justice Stone's formula and have recognized the distinction between property rights, on the one hand, and

---

1. 42 U.S.C. § 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
28 U.S.C. § 1343(3) gives federal courts jurisdiction, without any requirement of amount, of any civil action authorized by law.

To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

2. For these purposes, the interpretation of the "right, privilege or immunity" language of § 1343(3) shall also apply to the identical words (in the plural) in 42 U.S.C. § 1983. Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969) cert. den. 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970).

civil or personal rights on the other. See e. g. Ream v. Handley, 359 F.2d 728 (7th Cir. 1966) ; Bussie v. Long, 383 F. 2d 766 (5th Cir. 1967) ; City of Boulder, Colorado v. Snyder, 396 F.2d 853 (10th Cir. 1968) cert. denied 393 U.S. 1051, 89 S.Ct. 692, 21 L.Ed.2d 693 (1969) ; Willis v. Reddin, 418 F.2d 702 (9th Cir. 1969) ; Eisen v. Eastman, supra; Euge v. Trantina, 422 F.2d 1070 (8th Cir. 1970) aff'g 298 F.Supp. 873 (E.D.Mo.1969) ; Carter v. Chief of Police, 437 F.2d 413 (3rd Cir. 1970) ; Canty v. Board of Education of City of New York, 448 F.2d 428 (2nd Cir. 1971). Where it has spoken directly to the issue, the Fourth Circuit has followed the majority rule, holding that a property right is not a civil right under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3). Garren v. City of Winston-Salem, North Carolina, 439 F.2d 140 (4th Cir. 1971) ; see Weddle v. Director, Patuxent Institution, 436 F.2d 342 (4th Cir. 1970) ; but see Caulder v. Durham Housing Authority, 433 F.2d 998 (4th Cir. 1970) cert. denied 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971).

Since the cases often involve alleged deprivations of both personal and property rights, the courts are frequently called upon to make fine distinctions in determining whether jurisdiction in a given case properly lies under the federal question statute, § 1331, or the civil rights statute, § 1343(3), or both. It has been held, consistent with *Hague* and *Eisen* (which now appears to be the point of departure for the lower federal courts), that where the property right is ancillary to the personal right, jurisdiction is founded upon either statute. E. g. McGuire v. Sadler, 337 F.2d 902 (5th Cir. 1964). On the other hand, where, along with a deprivation of a property right, there is an allegation that one has been denied procedural due process, the due process claim has no independent jurisdictional significance; the proper jurisdictional inquiry is the nature of the interest claimed to be injured by the denial of due process. Tichon v. Harder, 438 F.2d 1396 (2nd Cir. 1971) ; Canty v. Board of Education of City of New York, supra [3] By implication, it appears that challenges to the constitutionality of a municipal ordinance also provides no independent, jurisdictional significance. E. g. Euge v. Trantina, supra; Garren v. City of Winston-Salem, North Carolina, supra.

The two cases factually most similar to the present case are Euge v. Trantina, supra and Blume v. City of Deland, 358 F.2d 698 (5th Cir. 1966) ; specifically, in each case the petitioner sued for damages under § 1983, alleging deprivation of his property without due process of law and challenging the constitutionality of the enabling ordinance, under which the appropriate municipal board condemned and destroyed the property as a nuisance. In *Euge*, the Second Circuit affirmed the District Court's dismissal of the suit because, *inter alia*, jurisdiction was not properly founded upon § 1343(3) because the suit depended for its existence upon an infringement of a property right. However, in *Blume* (cited in *Euge*) the Fifth Circuit found that the district did have subject matter jurisdiction under § 1343(3), but agreed that the district court properly abstained from considering the merits of the controversy because it involved matters of local concern more properly cognizable in the first instance in the state courts.

*Blume* notwithstanding, it is the opinion of this court that upon the facts of this case the court lacks subject matter jurisdiction under 28 U.S.C. § 1343(3), as alleged, since the gist of the suit is an alleged deprivation of a property

3. But see Escalera v. New York City Housing Authority, 425 F.2d 853 (2nd Cir. 1970) cert. denied 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970) (property right deemed ancillary; it appears that cases involving, e. g. termination of welfare benefits or eviction from public housing are distinguished by implication from other types of property right cases visa-vis the Civil Rights Act, see *Caulder*, infra)

right. Having so found, the court need not consider the defendants' other alleged grounds for dismissal.

Accordingly, the defendants' motion to dismiss is granted. It is therefore ordered and adjudged that the plaintiff's complaint is dismissed.