George W. **GRISSOM**, Plaintiff,

v.

**COUNTY OF ROANOKE et al.,**
Defendants.

**Civ. A. No. 72-C-79-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 6, 1972.

John H. Kennett, Jr., Roanoke, Va.. for plaintiff.

William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for County of Roanoke, Paul B. Matthews and Harold A. Dickerson.

Robert E. Glenn, Eggleston, Butler & Glenn, Roanoke, Va., for Branch & Associates, Inc.

RULING ON MOTION TO DISMISS

DALTON, District Judge.

Plaintiff brings this action under 28 U.S.C. § 1331, the question arising under the Constitution and laws of the United States of America and the amount in controversy exceeding the sum of $10,000. In a complaint filed on June 7, 1972, the plaintiff seeks relief from an alleged deprivation of his property rights by the defendants, who allegedly acted under the authority of the Commonwealth of Virginia without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

This complaint was originally brought under 42 U.S.C. § 1983 and its jurisdictional implementation, 28 U.S.C. § 1343 (3) and by action of this court was dismissed for lack of subject matter juris-

diction. Grissom v. Branch & Associates, Inc., 339 F.Supp. 894 (W.D.Va. 1972).

A recent Supreme Court ruling Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) has shed new light on this issue of deprivation of property rights under 42 U.S.C. § 1983 and would indicate that federal courts do have jurisdiction in such instances. However, this question is moot in the present case as the action is being brought under 28 U.S.C. § 1331.

In support of their motion to dismiss, defendants state: (1) that the complaint fails to state a cause of action upon which relief can be granted by this court; (2) that this court does not have jurisdiction over the subject matter of the cause of action alleged in the complaint and (3) that the defendants are entitled to governmental immunity from liability for the actions complained of in plaintiff's complaint. In addition, it has been contended that this is a proper case for invocation of the doctrine of abstention, in order to let the state court rule on the constitutionality of the Roanoke County ordinance in question.

■ For the purposes of evaluating the defendants' motion to dismiss, the allegations in plaintiff's complaint must be taken as true. Ickes v. Virginia-Colorado Development Corp., 295 U.S. 639, 55 S.Ct. 888, 79 L.Ed. 1627 (1935). George W. Grissom seeks damages for injuries caused by defendants to real and personal property owned by him and located in Roanoke County, Virginia. It appears from the complaint that sometime prior to October 1969, plaintiff acquired a house in the County which had been recently damaged by fire. Upon recommendation of Harold A. Dickerson, Roanoke County Building Inspector, it was later determined administratively by the County Board of Adjustments and Appeals that plaintiff's house was unsafe and that as a public nuisance it should be destroyed. As agent of Roanoke County, Paul B. Matthews was authorized to employ Branch & Associates, Inc., to demolish the house. Accordingly, the house, with certain personal property located therein, was destroyed by the defendant corporation on April 9, 1970.

Plaintiff alleges that the defendants deprived him of a property right without due process of law, to wit: that he received no notice of, nor was he present or represented at, the prior administrative proceedings; that he had been previously issued a building permit to restore the property to a reasonably safe condition, which permit continued in effect until April 17, 1970; and that the acts were committed without prior judicial sanction and without judicial review. He has further compassed this final assertion in a challenge to the constitutionality of the condemnation provisions of the enabling county ordinances. The plaintiff has not sought prior relief in the state courts.

■ Defendants' first contention is that the complaint fails to state a cause of action upon which relief can be granted by this court. However, if plaintiff's allegations are correct and he was deprived of his property without due process of law, under authority of the Commonwealth of Virginia, this is a proper cause of action which may be asserted in this court and the appropriate relief granted. The court, therefore, finds no merit to defendants' assertion that a proper cause of action was not stated.

■ Regarding defendants' second contention that the court has no jurisdiction over the subject matter, it is likewise without merit for this action has been brought under 28 U.S.C. § 1331, alleging damages in excess of $10,000 and involves a constitutional question, i. e., whether there was a deprivation of plaintiff's property rights by state action in violation of the Due Process Clause. Such an action is proper jurisdictional subject matter for this court.

■ Defendants also seek dismissal of the action because they are entitled to governmental immunity from liability for the actions complained of in plaintiff's complaint. Recognizing the gen-

eral rule that the County of Roanoke may not be sued in the courts of the Commonwealth of Virginia without permission of the Commonwealth or the County, yet proper action may be brought in the federal courts for alleged violation of constitutional rights. It would seem unfair to permit a county to take or destroy a citizen's property without due process and escape on the theory of governmental immunity. However, the court will reconsider defendants' view of governmental immunity after a full development of the facts of this case.

The last issue for the court to consider is the doctrine of abstention and whether this is an appropriate case for its application. In an important study of federal courts, the authors made the following observation as to Congress conferring federal jurisdiction on federal courts under the Act of March 3, 1875.

> Congress gave the federal courts the vast range of power which had lain dormant in the Constitution since 1789. These courts ceased to be restricted tribunals of fair dealing between citizens of different states and became the *primary* and powerful reliances for vindicating every right given by the Constitution, the laws, and treaties of the United States.
>
> Frankfurter and Landis, The Business of the Supreme Court: A Study in the Federal Judicial System (1928).

The Supreme Court quoted this statement with approval in Zwickler v. Koota, 389 U.S. 241 at 247, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), then referred to 42 U.S.C. § 1983 and said:

> The judge-made doctrine of abstention, first fashioned in 1941 in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, sanctions such escape only in narrowly limited "special circumstances." Propper v. Clark, 337 U.S. 472, 492, 69 S.Ct. 1333, 1344, 93 L.Ed. 1480 (1946). One of the "special circumstances"—that thought by the District Court to be present in this

case—is the susceptibility of a state statute of a construction by the state courts that would avoid or modify the constitutional question. Harrison v. NAACP, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152. Compare Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377. But we have here no question of a construction of § 781–b that would "avoid or modify the constitutional question." 389 U.S. at 248–249, 88 S.Ct. at 395–396.

Here there is no particular construction of the Roanoke ordinance which would modify the Fourteenth Amendment question—whether in this particular instance there was a deprivation of property without due process of law.

In one of the most recent abstention cases in the Supreme Court, Mr. Justice Douglas, writing for a unanimous court, stated:

> * * * Abstention certainly involves duplication of effort and expense and an attendant delay. See England v. Louisiana State Board, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440. That is why we have said that this judicially created rule which stems from Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, should be applied only where "the issue of state law is uncertain." Harman v. Forssenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50. Moreover, we said in Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 395, 19 L.Ed.2d 444, that abstention was applicable "only in narrowly limited 'special circumstances,'" citing Propper v. Clark, 337 U.S. 472, 492, 69 S.Ct. 1333, 1344, 93 L.Ed. 1480. In *Zwickler*, a state statute was attacked on the ground that on its face it was repugnant to the First Amendment; and it was conceded that state court construction could not render unnecessary a decision of the First Amendment question. 389 U.S. at 250, 88 S.Ct. [391] at 396.

Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970).

The primary question in this case seems to be solely a federal one—whether the plaintiff was deprived of his property without due process of law—in violation of the Fourteenth Amendment. The plaintiff has also challenged the constitutionality of the condemnation provisions of the enabling county ordinances, but this is ancillary to the primary contention. In substance, therefore, there are no state issues, no issues more appropriately decided by state courts than by federal courts.

Mr. Justice Harlan, in a concurring opinion in *Zwickler* has pointed out that the Supreme Court has approved abstention in situations when "the federal constitutional issue might be mooted or 'presented in a different posture' by a state court determination of pertinent state law." Or "in situations in which the exercise of jurisdiction by a federal court would disrupt a state administrative process; interfere with the collection of state taxes, or otherwise create 'needless friction' between the enforcement of state and federal policies." 389 U.S. at 256, 88 S.Ct. at 400. The present situation is within none of these categories. There are no pending administrative proceedings to disrupt. There are no legal proceedings pending or about to be brought in the state courts. Moreno v. Henckel, 431 F.2d 1299, 1309 (Fifth Cir. 1970).

■■ The question of when the doctrine of abstention ought to be invoked is a matter that involves the exercise of discretion, Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965), and must be approached on a case by case rather than any general principle basis, Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); Hill v. City of El Paso, Texas, 437 F.2d 352, 357 (Fifth Cir. 1971). Accordingly, where in some instances abstention may be proper when a state court construction may modify or avoid the constitutional question, in this instance the constitutional question of whether due process of law was applied would still exist. Therefore, the court .

does not feel that this is a proper case for application of the doctrine of abstention.

The defendants' motion to dismiss is accordingly overruled and the parties are requested to proceed with preliminaries to trial by depositions, stipulations, interrogatories and all preliminaries to be completed in 40 days, and upon completion to submit pre-trial briefs.