**Edwin SAWYER, Alice Frame, Lorene Hildebran and Doris Larsen, Appellants,**

**v.**

**Stanley L. DAVIS, Executor of the Estate of Doil S. Hunter, Deceased, Appellee.**

**No. 19394.**

United States Court of Appeals Eighth Circuit.

March 27, 1969.

John D. Randall, Cedar Rapids, Iowa, for appellants and filed brief and reply brief.

Keith Mossman, Mossman & Grote, Vinton, Iowa, for appellee.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

Plaintiffs brought an action to enjoin the defendant from opening a spendthrift trust under the Last Will and Testament of their deceased grandmother. Plaintiffs seek their alleged distributive share of the estate, a one-fourth interest, outside of the trust and the return of certain interest and attorney fees previously charged against their share of the estate resulting from proceedings in the state courts.

The federal district court dismissed the complaint on the grounds that the Iowa Supreme Court and the District Court of Iowa in and for Benton County had previously adjudicated the

same issues raised in the complaint, relying upon Sawyer v. Sawyer, 152 N.W. 2d 605 (Iowa 1967); In re Estate of Hunter, Probate No. 11,231, District Court of Iowa in and for Benton County.[1] After the dismissal of plaintiffs' complaint (June 27, 1968), plaintiffs filed an amendment to their complaint (July 3, 1968). Upon the defendant's failure to respond to the amended complaint, plaintiffs filed a motion for default. On July 25, 1968, Judge McManus denied the motion for default judgment on the ground that the amended complaint was a nullity since the original complaint had been dismissed. Plaintiffs have seemingly abandoned this point on appeal.

■ Although we are fully satisfied as to the propriety of the federal district court's rulings, we find that the cause must be dismissed for lack of jurisdictional amount. Defendant's motion for dismissal challenged jurisdiction of the federal court on the stated ground that the amount involved was less than $10,000 exclusive of interest and costs. Attached to said motion were the inventory and appraisal of the estate properties and the final inheritance tax return filed in the state probate proceedings. Plaintiffs did not offer any counter evidence, nor is any contained in the record before this court. It remains undisputed that the total estate appraised before taxes was $66,261.70. The net taxable estate was $61,849.14. Included in the estate was $29,043.70 of joint property not includable in the trust at issue. Additionally, the state court had ordered approximately $4,200 to be paid out of the plaintiffs' one-fourth share. Notwithstanding this latter fact, plaintiffs' one-fourth share amounts to only $8,200. There exists no contradiction of these facts on the record. Plaintiffs asserted in oral argument on appeal that these figures are not accurate and that they will prove at trial that not all of the property set aside as joint property was proper. These allegations appear nowhere in the complaint nor were they substantiated in any way before the trial court.

■ Where the amount in controversy is challenged in an appropriate manner, it has long been settled that the burden is on the plaintiff to establish the jurisdictional amount, and if the burden is not met, the complaint must be dismissed for want of jurisdiction. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); 1 Moore, Federal Practice ¶ 0.92 [3.–1] at 838–839 (1964).

As early stated by this court:

"It is not the amount claimed in the prayer for relief which determines the jurisdiction of the court, if the unmistakable fact and legal certainty be that the plaintiff could not have had any reasonable expectation that she could recover, exclusive of interest and costs, an amount within the jurisdiction of the court. In such a case it is the duty of the court to dismiss it for want of jurisdiction, although the ad damnum clause demands judgment for a sum sufficient to confer jurisdiction on the court." New York Life Ins. Co. v. Johnson, 255 F. 958, 959 (8 Cir. 1919).

Accordingly, the judgment is vacated and the cause is remanded to the district court with directions to dismiss the action for lack of jurisdiction.

1. Plaintiffs challenge the jurisdiction of the state probate court in this proceeding. Plaintiffs filed special appearances attacking the jurisdiction of the probate court. These were overruled. Plaintiffs did not appeal. Their attempt collaterally to attack the state jurisdiction in the federal court overlooks fundamental principles of res judicata. The determination of jurisdiction by the state court was not appealed and this question is no longer subject to collateral attack. See Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931); Restatement, Judgments § 9 (1942).