**Harvey F. EUGE, Appellant,**

v.

**William TRANTINA, Director of Dept. of Safety, City of St. Louis, Mo., et al., Appellees.**

**No. 19752.**

United States Court of Appeals, Eighth Circuit.

March 11, 1970.

Harvey F. Euge, pro se.

Gary W. Brandt, Asst. City Counselor, City of St. Louis, St. Louis, Mo., and

Robert W. Van Dillen, Acting City Counselor, City of St. Louis, on the brief, for appellees William Trantina, Kenneth O. Brown, Alfonso Cervantes and City of St. Louis, Mo.

Stanley Schechter, St. Louis, Mo., for appellees, Richard Thomas and Harold J. Howard.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

This is an appeal from an order of the trial court dismissing the plaintiff's complaint. Euge v. Trantina, 298 F. Supp. 873 (E.D.Mo.1969). We affirm.

The plaintiff, who has represented himself at each stage of this proceeding, commenced the action by a "Verified Petition in Equity." He alleged: (1) that Sections 2126.0, et seq., of the St. Louis, Missouri, Revised Code (1961), which provide a procedure for removal of unsafe buildings,[1] are violative of the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Consitution; (2) that the buildings on three separate properties occupied by the plaintiff had been demolished by the defendants pursuant to the Code; (3) that the plaintiff had personal property stored in the demolished buildings and that this property was exposed to the elements and looted by the defendant wrecking companies; and (4) that the defendants' trespasses were vicious, vile and malicious and that the defendant wrecking companies deliberately and willfully converted the plaintiff's personal property for their own personal use and profit. The plaintiff demanded that the sections be declared unconstitutional, that the defendants be enjoined from demolishing additional properties under color of the Code, that he be awarded $35,000 in damages for the destruction of the demolished buildings and $7,000 for damage to and conversion of his personal property, and that he be awarded punitive and exemplary damages of $3,000,000, $1,000,000 for each of the three properties.

The defendants moved for dismissal on a number of grounds, including that the trial court was without jurisdiction because of lack of diversity and because the amount in controversy was less than $10,000, and that the case was not an appropriate one for the exercise of jurisdiction under 28 U.S.C. § 2201.

The trial court held that the statute was constitutional on its face. It stated that, while each of the grounds alleged by the defendants had some merit, the

---

1. St. Louis, Missouri, Revised Code, Section 2126.1 (1961), states in part:

"* * * Whenever the building commissioner shall be informed that any building or part thereof, or any other structure, or any retaining wall, fence wall, tower or smokestack in the City is in a condition such as to endanger the lives of persons or likely to cause immediate injury to any other property or if the situation of any building or wall by reason of the making of an excavation on that or any adjoining lot, shall become such as to endanger the lives of persons or if any building, wall or other structure be permitted by the owner thereof to become in such dilapidated condition as to constitute a serious fire hazard and liable to cause immediate injury to any adjoining property, he shall at once inspect or cause an inspection or examination to be made of such building, wall, tower, or smokestack, or other structure and a written report of such finding shall be filed in said office. The building commissioner shall at once notify the owner or owners in writing, as provided by Section 2126.2 of this Code, of the condition of such building, wall, tower, smokestack or other structure, and shall command him or them to have same removed or otherwise properly secured seven (7) days next thereafter, and if such owner or owners fail to either remove or properly secure such building, wall, tower, smokestack or other structure within the said time, and in such a manner as under this ordinance can be approved by the building commissioner, he shall forthwith proceed to have the same secured so as to render it safe, unless in his judgment the same cannot be reasonably secured or rendered safe, in which case he shall at once demolish or remove same, or such part thereof, as may be necessary. * * * "

doctrines of "abstention and exhaustion" were particularly applicable and, thus, granted the defendants' motion for dismissal.

We hold that the trial court was without jurisdiction of the subject matter. It follows that the motion to dismiss was properly granted.

The complaint clearly failed to allege facts sufficient to give the trial court jurisdiction under 28 U.S.C.A. § 1343. See, Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Detroit Edison Co. v. East China Township Sch. Dist. No. 3, 378 F.2d 225 (6th Cir.) cert. denied, 389 U.S. 932, 88 S.Ct. 296, 9 L.Ed.2d 284 (1967); Hornbeak v. Hamm, 283 F.Supp. 549 (M.D.Ala.), aff'd per curiam, 393 U.S. 9, 89 S.Ct. 47, 21 L.Ed.2d 14 (1968). Jurisdiction could, thus, be obtained only under 28 U.S.C.A. § 1331 or 28 U.S.C.A. § 1332. For jurisdiction to attach under either, the amount in controversy must exceed $10,000. The plaintiff has failed to establish that it does.

While the presence of the jurisdictional amount is determined by the good faith allegations of the complaint, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Hulsenbusch v. Davidson Rubber Company, 344 F.2d 730 (8th Cir. 1965), cert. denied, 382 U.S. 977, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966), the jurisdictional amount may be appropriately challenged in a motion to dismiss, KVOS Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, (1936). Where the amount in controversy is properly challenged, the burden is on the plaintiff to establish the jurisdictional amount by competent proof. Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); McNutt v. General Motors Acceptance Corp., 298 U.S. 178; 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Sawyer v. Davis, 408 F.2d 358 (8th Cir. 1969); Federated Mutual Imp. & H. Ins. Co. v. Steinheider, 268 F.2d 734 (8th Cir. 1959). If this burden is not met, the complaint must be dismissed for want of jurisdiction.

The plaintiff alleged that he was the fee owner of a parcel of property located at 2328 Whittemore Place and that he was the occupant of two other parcels. He claimed actual damages of $35,000 from the defendants for demolition of structures on the three properties. A review of the complaint and the amended complaint makes it clear that he obtained title to the only parcel to which he had fee ownership, 2328 Whittemore Place, for $100. There is nothing in the record to indicate that the parcel's value exceeds that sum. With respect to the other two parcels, the plaintiff alleged only that he is an occupant with power of attorney to bring action on behalf of the fee owners. The plaintiff neither alleged nor attempted to establish that his interest as an occupant of the removed property had a specific value. Moreover, damage to the property of the fee owners cannot be aggregated with the plaintiff's damage to meet the amount in controversy requirement. Thomson v. Gaskill, supra; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939). Thus, the plaintiff failed to satisfy the burden of establishing that his interest in the demolished buildings exceeded $100.

The plaintiff alleged that his personal property had been damaged in the sum of $7,000. He alleged that $3,000 of this damage occurred to personal property located at 2328 Whittemore Place, and that the balance of the damage occurred at the other two parcels. Again, a close reading of the complaint and amended complaint reveals that the plaintiff failed to allege that either of the defendant wrecking companies were the ones that demolished the buildings at Whittemore Place. This fact becomes important when we consider whether the plaintiff's allegations, as to exemplary and punitive damages, were adequate to confer jurisdiction. Suffice to say at this point that if we aggregate the damage to the defendant's real and personal

property that the sum $7,100 falls short of satisfying the amount in controversy requirement.

The $10,000 jurisdictional requirement, thus, cannot be met unless the plaintiff has sustained the burden of proving that he is entitled to exemplary damages in excess of $2,900. We do not believe that he has done so.

■ Initially, we note that the plaintiff claims $1,000,000 in exemplary damages for each of the three properties. The claims must fail as to the two properties in which the plaintiff's only interest is that of occupant. He has failed to allege or establish that he is entitled to any particular portion of the exemplary damages. Moreover, exemplary damages allegedly due fee owners cannot be aggregated with plaintiff's to satisfy the jurisdictional requirement. Thomson v. Gaskill, *supra*; Clark v. Paul Gray, Inc., *supra*.

The plaintiff's allegation that he is entitled to a million dollars in exemplary damages with respect to the third parcel, the Whittemore property, must also fail. It appears to a legal certainty that the plaintiff could not have recovered punitive damages against any of the defendants with respect to this property under the allegations of this complaint. St. Paul Mercury Indemnity Co. v. Red Cab Co., *supra*.

■ The plaintiff does not assert that the Mayor, the Building Commissioner, or the Director of Safety, acted in bad faith or outside the authority granted to them by Section 2126, et seq., *supra*. Thus, they cannot be held for punitive damages even though they may be mistaken as to the legality of their acts. Thomas v. Commercial Credit Corporation, 335 S.W.2d 703, (Mo.App. 1960); Franta v. Hodge, 302 S.W.2d 291 (Mo.App.1957); Patrick v. Employers Mut. Liability Ins. Co., 233 Mo.App. 251, 118 S.W.2d 116 (1938). Similarly, the City of St. Louis, a municipal corporation, cannot be held for punitive damages. Chappell v. City of Springfield, 423 S.W.2d 810 (Mo.1968). It is also clear from the complaint and amended complaint that the defendant wrecking companies cannot be held liable for punitive damages arising out of the alleged damage to the plaintiff's personal property stored at the Whittemore property. It does not allege that either wrecking company had demolished the buildings or caused the personal property stored therein to be exposed to the elements or looted. As there is no basis for recovering actual damages against the wrecking companies, there is no basis for an award of punitive or exemplary damages. Holliday v. Great Atlantic & Pacific Tea Company, 256 F.2d 297 (8th Cir. 1958); Coonis v. Rogers, 429 S.W. 2d 709 (Mo.1968).

In summary, it appears to a legal certainty that the plaintiff could not have recovered actual and punitive damages against the defendants in a sum greater than $7,100.

Affirmed.