Columbus and Mae Frances CRENSHAW,
Appellants,

v.

GREAT CENTRAL INSURANCE CO., a
Corporation, Appellee.

No. 72–1747.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1973.

Decided Aug. 24, 1973.

Preston E. Roskin, Clayton, Mo., for appellants.

Robert A. Wulff, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal from an order of the District Court sustaining defendant Great Central Insurance Co.'s motion to dismiss Count I of plaintiffs' first amended petition in an action for wrongful death pursuant to a policy of insurance affording uninsured motorist coverage. The motion was sustained on the basis that the Count I claim was barred by the Missouri statute of limitations for wrongful death. *See* V.A.M.S. § 537.100.

Plaintiffs in the original petition, as well as in the amended petition, are Columbus and Mae Frances Crenshaw, Gretschen Crenshaw, by and through her mother and next friend, Mae Frances Crenshaw. The original petition was filed in the Circuit Court of

---

* District of Eastern Michigan, sitting by designation.

the City of St. Louis on September 7, 1972. It contained three counts. Count I alleged that on May 27, 1969, an automobile owned by Harry Davis and operated by Gail Martin struck and killed Dale Crenshaw, son of plaintiffs Columbus and Mae Frances Crenshaw. Count I also alleged that both Davis and Martin were negligent; that Davis and Martin were uninsured motorists as defined in a policy of insurance with defendant herein; and that Dale Crenshaw was covered by the aforementioned policy. Plaintiffs sought $10,000 damages pursuant to the policy's uninsured motorist coverage for Dale's wrongful death. Finally, Count I alleged that defendant herein had vexatiously, wilfully and without reasonable cause refused to pay the claim. Damages pursuant to this allegation were sought in the amount of $1,000 plus $2,500 in attorneys fees. *See* V.A.M.S. §§ 375.296, 375.420. On the same operative facts, Count II sought $10,000 damages for severe injury to Dale's sister Gretschen and $3,500 damages and attorneys fees for vexatious refusal to pay the Count II claim.

Count III was a claim by the father, Columbus Crenshaw, for $5,000 in past and anticipated medical expenses in connection with Gretschen's injuries.

On September 25, 1972, defendant filed timely petition for removal alleging diversity of citizenship and an amount in controversy of $32,000. The federal district court initially assumed jurisdiction over the case.

On October 4, 1972, defendant moved to dismiss Count I of plaintiffs' original petition. On October 26, 1972, a pretrial conference was held. On November 16, plaintiffs' first amended petition was filed. It contained two counts for $10,000 each. The claims for damages and attorneys fees for vexatious refusal to pay were eliminated as was the Count III claim in the original petition.

On November 17, 1972, the District Court dismissed Count I as barred by the Missouri statute of limitations for wrongful death. Sua sponte it remanded Count II on the basis that "[t]he claims under original Count II and Count III of the original petition, and Count II of the amended petition, show that under the terms of the policy recovery thereunder is limited to $10,000, to a legal certainty." The court states:

"To defeat jurisdiction of this court once acquired, it must appear to a legal certainty that as of the time of removal, plaintiff could not recover in excess of $10,000. Durate v. Donnelley, supra. The claim under Count I for wrongful death of Dale Crenshaw is shown to a legal certainty to be barred by the statute of limitations. The claims under original Count II and Count III of the original petition, and Count II of the amended petition, show that under the terms of the policy recovery thereunder is limited to $10,000, to a legal certainty. The only basis for retaining jurisdiction, if any, is the claim of vexatious refusal to pay for which plaintiff Gretschen Crenshaw, by next friend, claimed $2,500 in the original petition. Under Missouri law, claimants may proceed directly against the insurance carrier for recovery of damages caused by an uninsured motorist where the injured party is covered as an insured by uninsured motorist coverage. State ex rel. State Farm Mut. Ins. Co. v. Craig, 364 S.W.2d 343 (Mo.App.1963). The liability of the insurance carrier is conditioned upon (1) the accident 'arising out of the ownership, maintenance or use of an uninsured highway vehicle' and (2) the right of the plaintiff to recover from such owner or operator damages on account of such accident. Neither of these conditions is presumed in the law, and the defendant insurance carrier is entitled to have these issues adjudicated before its refusal to pay can be considered willful or vexatious."

An order of remand is, of course, not appealable. *See* 28 U.S.C.A. § 1447(d). The only appeal here is from the order of dismissal of Count I.

Plaintiffs urge two grounds for reversal: (1) that the same or similar reasoning which led to a remand of Count II should have been applied to remand, rather than dismiss, Count I; and (2) that even if Count I should not be remanded, the District Court erred in its holding that the Count I claim was barred by the Missouri statute of limitation for wrongful death. Plaintiffs' second ground for reversal is based on its argument that the Missouri contract, rather than wrongful death, statute of limitations is applicable to this suit.

For the reasons which follow, we agree with plaintiffs' first contention that Count I should be remanded to the state court rather than dismissed and reverse with instructions to remand Count I to the state court from which it was removed. We do not reach the second issue based on the statute of limitations.

The Count I claim in plaintiffs' petition at the time of removal sets forth facts which prima facie establish the jurisdictional amount. This amount is determinative of the jurisdictional amount in controversy with one basic exception here applicable: if it appears to a legal certainty that plaintiffs cannot recover in excess of $10,000 then the amount actually claimed may be ignored. 1 Barron & Holtzoff, Federal Practice & Procedure § 104; 1A Moore's Federal Practice ¶ 0.157 [6], at 259; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Sanders v. Hiser, 479 F.2d 71 (8th Cir. 1973).

Whether it is a legal certainty that plaintiffs cannot recover is determined by state law, here the Missouri vexatious refusal to pay statutes previously cited and the cases decided pursuant thereto. Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S. Ct. 1570, 6 L.Ed.2d 890 (1961). Under the Missouri cases, "[i]t is a well settled rule of law, where there is an open question of fact or law determinative of the insured's liability, that the insurer, act-

ing in good faith, may insist on a judicial determination of such question without being penalized therefor." Cohen v. Metropolitan Life Insurance Co., 444 S.W.2d 498, 506 (Mo.App.1969).

There has been some confusion regarding the scope and proper application of the legal certainty test. The appropriate standards are well stated in Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971). As to Count II, the trial court found the requisite certainty in the mere possibility that the insurer's refusal to pay might, reasonably and in good faith, have been on the basis that the accident did not arise out of the use of an uninsured vehicle or on the basis that the plaintiffs could not have recovered from the owner or operator of the uninsured vehicle. The same two reasons cited by the District Court as support for this conclusion are equally applicable to Count I.

With respect to Count I, there is a third factor which offers additional support for the conclusion that, to a legal certainty, there could have been no Count I recovery for vexatious refusal to pay. From the pleadings, motions, briefs and admissions before the District Court, it appears that the defendant in fact bases its refusal to pay the Count I claim on the bar to claims set forth in the Missouri statutes of limitations for wrongful death. The trial court upheld such defense. The question of whether that statute of limitations, rather than the contract statute of limitations, applies to the instant case is, under present Missouri cases, clearly "an open question . . . law determinative of the insured's liability . . . ." Cohen v. Metropolitan Life Insurance Co. supra. There are compelling arguments on both sides of the question. See Annot., 28 A.L.R.3d 580 (1969); Cox, Uninsured Motorist Coverage, 34 Mo.L.Rev. 1, 35–37 (1969).

We are satisfied that the statute of limitations issue raised by the defendant is clearly an open question of law such that the refusal to pay in the

instant case could not, to a legal certainty, be considered vexatious. The addition of the statute of limitations issue with respect to Count I makes a stronger case for determining to a legal certainty that no damages for vexatious delay can be awarded than do the facts stated in Count II. Thus, plaintiffs' Count I claim was for less than the jurisdictional amount. *See* Nelson v. Keefer, pp. 292–293 of 451 F.2d.

In such case, 28 U.S.C.A. § 1447(c) provides that "the district court shall remand the case. . . ." *See also* 1A Moore's Federal Practice ¶ 0.157 [6], at 259; Colorado Life Co. v. Steele, 95 F.2d 535 (8th Cir. 1938). This is a case "where the state court has jurisdiction, but the federal court lacks both original and removal jurisdiction." 1A Moore's Federal Practice ¶ 0.169 [1], at 1431. Dismissal is inappropriate in such a case.

The trial court's order does not clearly disclose the basis upon which it determined it had jurisdiction over Count I. Defendant's removal petition asserts that the cause of action stated in the three counts amounts to $32,000. Such sum is obviously arrived at by aggregating the amount claimed in the prayer of each count.

 Federal courts have only such jurisdiction as is conferred upon them by statute. It is the duty of this court to satisfy itself as to the trial court's jurisdiction. Jurisdiction absent jurisdictional amounts cannot be established by waiver or consent.

We read the first portion of the trial court's order, which has hereinabove been quoted, as accepting the contention that the amounts claimed in the three counts can be aggregated. The court apparently then holds that jurisdiction as to Count II has been defeated by the court's determination that it has been shown to a legal certainty that Count I is barred by the statute of limitations; that the claim of the injured daughter involved in Counts II and III of the original petition is limited under the policy to a maximum of $10,000 in damages sustained by one person as a result of one accident, and that no damage for vexatious delay can be established and thus the plaintiff cannot possibly recover a sum in excess of $10,000 on Count II which would be the only count remaining.

There are two separate and distinct plaintiffs involved in this action. The plaintiffs in the wrongful death claim set out in Count I are Mr. and Mrs. Crenshaw. They are proper plaintiffs on the Count I claim by virtue of V.A. M.S. § 537.070, subd. 1 [3]. The plaintiff with respect to Count II is the injured daughter Gretschen. The action for recovery of damages with respect to Gretschen is brought in Gretschen's name by her mother as next friend. The well settled applicable rule stated by Judge Tuttle in Eagle Star Insurance Company v. Maltes, 313 F.2d 778, 780 (3d Cir. 1963), is:

> "To aggregate claims of several plaintiffs the plaintiffs must have a 'common and undivided interest,' though it may be separable as between themselves. But where their interests are distinct, and their only relationship is that 'they form a class of parties whose rights or liabilities arose out of the same transaction, or have a relation to a common fund or mass or property sought to be administered, such distinct demands or liabilities cannot be aggregated. . . .' Clay v. Field, 138 U.S. 464, 11 S.Ct. 419, 34 L.Ed. 1044 (1891)."

To like effect, *see* 1 Moore's Federal Practice ¶ 0.97 [3]; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

In Clark v. Paul Gray, Inc., 306 U.S. 583, 589, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1939) the Supreme Court holds:

> "It is a familiar rule that when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those

amounts cannot be added together to satisfy jurisdictional requirements."

 The rule just stated forecloses the aggregation of the claims of the separate and distinct plaintiffs for the purpose of determining subject matter jurisdiction.

The reasons assigned by the trial court for determining that vexatious delay, damages and attorneys fees are not allowable under the facts of this case to a legal certainty as to Count II apply at least equally as to Count I. Accordingly, it is established to a legal certainty that Columbus and Mae Frances Crenshaw could not in any event recover more than $10,000 on their Count I wrongful death claim, and that the court should have remanded the case to the state court by reason of lack of subject matter jurisdiction.

A salutory, incidental effect of this conclusion is to allow the Missouri state courts to decide the open question of Missouri state law presented by this case.

The order of dismissal is vacated and this case is remanded to the District Court with instructions to remand Count I to the state court from which it was removed.