567 F.Supp. 128 (1983)
William W. FOSTER, Plaintiff,
v.
CBS, INC., and Pacific Stereo Co., Defendants.
William W. FOSTER, Plaintiff,
v.
PIONEER ELECTRONICS CORP., Defendant.
Nos. 82-1835C(4), 83-0440-C(4).
United States District Court, E.D. Missouri, E.D.
June 9, 1983.
*129 William W. Foster, pro se.
Robert S. Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendants.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court on motions to dismiss filed by defendants Columbia Broadcasting Systems, Inc. (CBS) and Pacific Stereo Company in case number 82-1835 and Pioneer Electronics Corporation in case number 83-0440. William W. Foster, an inmate at the St. Louis Medium Security Institution, commenced this diversity action seeking damages because he allegedly bought a defective stereo component system from defendant Pacific Stereo Company. Foster also seeks damages from Pioneer Electronics as the maker of the stereo system and from CBS as the promoter of the component set. The motions to dismiss argue, inter alia, that this Court lacks jurisdiction to entertain this diversity action because the actual amount in controversy does not equal or exceed $10,000. After carefully viewing the record before the bench, it is apparent that the amount in controversy is not enough to confer jurisdiction upon this Court. Therefore, both of these cases are dismissed.
The gravamen of Foster's complaint is that in 1979 he saw an advertisement in a local newspaper promoting the sale of a Pioneer "Centrex" component stereo system (Centrex) along with special accessories such as speakers, blank tapes, head cleaners, tape head demagnetizers, and headphones. Foster's complaint alleges that the advertisement guaranteed a five year written warranty for repairs and services on all new stereo component parts. Foster further asserts that the advertisement offered a choice of the above mentioned accessories free of cost to any purchaser of a Centrex system from Pacific Stereo. Foster claims that he responded to that advertisement and visited Pacific Stereo where he questioned John Mayfield, a Pacific Stereo salesman, about the Centrex advertised in the newspaper. Foster recounts that Mayfield told him that Pacific Stereo would send Foster a Centrex system of the same or similar quality as the one advertised in the newspaper. The complaint further alleges that Mayfield stated that Pacific Stereo would repair all defects in the stereo system free of charge during the five year warranty period. Foster further alleges that Pacific Stereo assured him that it would deliver the Centrex within three weeks of the date of purchase and in the event that delivery did not take place within that three weeks Pacific Stereo would refund all money that had been tendered by Foster. Foster further asserts that he was required to pay $225.50 for the purchase of the Centrex.
The Centrex was delivered to Foster but he claims that the system was delivered five months after the date of purchase. Additionally, Foster claims that the Centrex was seriously defective and that Pacific Stereo failed to deliver any of the free accessories that Foster had selected according to the advertisement. Paragraph 8 of Foster's complaint in cause number 82-1835 indicates that although Pacific Stereo delivered a defective Centrex system and not within three weeks of the date of purchase as promised, Foster accepted the component set and requested Pacific Stereo to repair the defects. Foster states that to date the Centrex still remains defective.
The motions to dismiss argue that Foster has not satisfied the requirements of 28 U.S.C. § 1332 which reads in pertinent part
Diversity of Citizenship: Amount in Controversy: Costs (a) the district courts *130 shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs...
Foster asserts his causes of action under various theories of law and much statutory authority. However, the thrust of Foster's complaint lies in actions for breach of warranty and, purportedly, fraud. Foster's requests for damages, actual and punitive, far exceed the jurisdictional minimum required by § 1332. But, upon a closer inspection of the complaint it is clear that Foster is not entitled to $10,000 in damages even if he wins on the merits of his complaint.
While the presence of the jurisdictional amount is determined by the good faith allegations of the complaint, Euge v. Trantina, 422 F.2d 1070, 1073 (8th Cir.1970), the jurisdictional amount may be appropriately challenged in a motion to dismiss. Id. Where the amount in controversy is properly challenged, the burden is on the plaintiff to establish by a preponderance the jurisdictional amount by competent proof. Id. In deciding the question of good faith, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961); Crenshaw v. Great Central Insurance Co., 482 F.2d 1255 (8th Cir.1973). Whether it is a legal certainty that a plaintiff cannot recover the jurisdictional minimum is determined by state law. Crenshaw v. Great Central Insurance Co., supra at 1258. Moreover, when diversity jurisdiction is properly attacked by a motion to dismiss, the Court does not have to accept the allegations of the complaint as truth. Janzen v. Goos, 302 F.2d 421 (8th Cir.1962).
First the Court notes that if the actual and punitive damages sought by Foster are legally recoverable under Missouri law, they must be considered in determining whether the requisite amount in controversy is involved. Lamb v. Amalgamated Labor Life Insurance Co., 602 F.2d 155 (8th Cir.1979); 1 Moore's Federal Practice ¶ 0.93[4], at 895 (2d ed. 1978). But, because the Court finds that Foster fails to state a cause of action for fraud under Missouri law, and punitive damages are ordinarily unallowable under Missouri law for breach of warranty, Foster's claim is only for compensatory damages under his cause of action for breach of warranty.
Foster uses the terms fraud and misrepresentation in his complaint in conclusional fashion but upon piercing the veneer of the pleadings the gist of the complaint is clearly that the defendants breached expressed and implied warranties on the stereo system. Moreover, Foster has not sufficiently pleaded a cause of action for fraud and misrepresentation under the Federal Rules of Civil Procedure and Missouri law. See, Fed.R.Civ.P. 9(b); Slater v. KFC, Corp., 621 F.2d 932 (8th Cir.1980); United Industries Syndicate, Inc. v. Western Auto Supply Co., 527 F.Supp. 869 (E.D.Mo.1981); Guess v. Lorenz, 612 S.W.2d 831 (Mo.App. 1981). Federal Rule 9(b) states in pertinent part
Fraud, Mistake, Condition of the Mind.
In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity...
Under Missouri law a complaint for fraudulent misrepresentation must allege (1) a false material representation, (2) the speaker's knowledge of its falsity or his ignorance of its truth, (3) the speaker's intent that it should be acted upon by the hearer in a manner reasonably contemplated, (4) the hearer's ignorance of the falsity of the statement, (5) the hearer's reliance on its truth and the right to rely thereon, and (6) proximate injury resulting from the false statements. Guess v. Lorenz, supra. Foster's complaint falls short of the mark and, therefore, his cause of action for fraudulent misrepresentation is dismissed.
Having disposed of Foster's claim for fraudulent misrepresentation the Court now turns to his claim for breach of warranty. As noted earlier, Foster opted to accept the defective stereo system instead of returning it to Pacific Stereo as he was entitled to do. In cases of this kind the measure of damages for breach of warranty *131 is the difference in value of the goods accepted and the value of the goods as warranted at the time and place of acceptance plus any other reasonable expenses incurred as a result of any delay. Mo.Rev.Stat. §§ 400.2-714 and 400.2-715. Foster alleged that the value of the Centrex stereo as warranted was $225.50. Foster is only able to recover the difference between that amount and the value of the defective component set as delivered, plus the cost of the accessories and expenses incurred as a result of delay. The Court finds that Foster will be unable to recover the jurisdictional minimum required by 28 U.S.C. § 1332 and, therefore, this Court lacks jurisdiction to entertain this cause of action.
It bears briefly mentioning that today's ruling of dismissal will also prevent unnecessary duplication of judicial resources. The record shows that Foster has filed a similar cause of action which is still pending in the Missouri state court system. Although today's ruling is not rooted in the concept of comity, it does effectuate the policy behind the diversity jurisdiction statute which is to allow cases of this nature to run their course in the state courts.
The Court holds, after viewing Foster's basic complaints in both of these consolidated actions, that subject matter jurisdiction does not exist to entertain these cases. Both causes of action are dismissed.