834 F.Supp. 1171 (1993)
UNIGROUP, INC., Plaintiff/Counterclaim Defendant,
v.
O'ROURKE STORAGE & TRANSFER CO., et al., Defendants/Counterclaimants and Intervenor Counterclaimants,
v.
Maurice GREENBLATT, et al., Counterclaim Defendants.
No. 89-2122-C(5).
United States District Court, E.D. Missouri, E.D.
October 19, 1993.
*1172 Brainerd W. LaTourette, III, LaTourette & Brodeur, P.C., John T. Roach, III, Associate, Thomas E. Wack, Partner, Bryan Cave, St. Louis, MO, Abraham Reich, Scott Vernick, Fox and Rothchild, Philadelphia, PA, for Unigroup, Inc.
Matthew D. Menghini, Husch and Eppenberger, St. Louis, MO, for Barton J. Winokur, Ransler Moving and Storage, H.G. Bauer Moving and Storage.
Matthew D. Menghini, Husch and Eppenberger, St. Louis, MO, Steven Feirson, Arthur Gabinet, Dechert and Price, Philadelphia, PA, for O'Rourke Storage and Transfer Co.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court upon the Motion for Summary Judgment on the remaining counts of the Counterclaim filed by plaintiff Unigroup, Inc. and the additional counterclaim defendants (hereinafter collectively "Unigroup") and the Cross-Motions for Partial Summary Judgment filed by intervenor Barton J. Winokur and Unigroup. Plaintiff filed this lawsuit in 1989, seeking specific performance to validate its redemption of shares held by O'Rourke Storage & Transfer Company (hereinafter "O'Rourke"). Following removal of this cause to this Court, defendant O'Rourke filed a nine-count Counterclaim against Unigroup and all of its directors. In addition to challenging Unigroup's stock redemption repurchase provisions and its payment of book value as the stock repurchase price, O'Rourke attacked the payment of bonuses to Unigroup agents, the non-payment of dividends to Unigroup shareholders and the adoption of certain "anti-takeover" amendments to Unigroup's Articles of Incorporation in 1985 and 1987. Ransler Moving Systems (hereinafter "Ransler"), H.G. Bauer Moving & Storage (hereinafter "Bauer"), and Barton J. Winokur (hereinafter "Winokur"), as Trustee for the Sydney and Marie Harrison Trust all intervened and filed counterclaims identical in substance to those asserted by defendant O'Rourke.
On August 2, 1991, this Court granted Unigroup's Motion for Partial Summary Judgment on Counts I, II and VI of the Counterclaim. In those counts, counterclaimants had sought a declaration that: (1) Unigroup's corporate bylaw governing forced repurchases of Unigroup stock was illegal and unenforceable, and (2) Unigroup's seizure of the shares formerly owned by counterclaimants for a price less than "fair value" was an illegal and tortious conversion. Following the Court's grant of partial summary judgment, Unigroup consented to counterclaimants' request for an interlocutory appeal of that Order. On December 4, 1992, the United States Court of Appeals for the Eighth Circuit affirmed the Order of this Court.
Four substantive claims remain in the Counterclaim. Counts III and V of the Counterclaim allege that Unigroup's payment of bonuses to its agents is a violation of the directors' fiduciary duties and constitutes a gift and a waste of corporate assets. Count IV challenges Unigroup's failure to pay dividends to its shareholders as illegal and a breach of the directors' fiduciary duties. Count VII seeks to invalidate the 1985 and 1987 amendments to Unigroup's *1173 Articles of Incorporation.[1] Unigroup moves for summary judgment with respect to the remaining counterclaims, which counterclaimant O'Rourke opposes.
Intervenor Winokur moves for partial summary judgment, requesting that the Court declare the Syndey Harrison Trust to still be a shareholder of plaintiff. Unigroup has filed a Cross-Motion for Summary Judgment with respect to that issue.

I. Standard for Summary Judgment
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976).

II. Analysis

A. Cross-Motions for Summary Judgment
Intervenor Winokur and Unigroup move for summary judgment with respect to the Sydney Harrison Trust (hereinafter "the Trust"). Intervenor Winokur moves for summary judgment, arguing that the Trust is still a shareholder of plaintiff because the death of Marie Harrison in 1988 did not cause any "transfer" of the Trust's shares. Unigroup moves for summary judgment with respect to the same issue, arguing that this Court has previously held that a "transfer" of the Trust's shares did occur and that plaintiff had a right to repurchase the shares or, alternatively, that the death of Marie Harrison did cause a "transfer" of the Trust's shares.
In Count I of the Counterclaim, counterclaimants, including intervenor Winokur, alleged that plaintiff's "purported exercise of the right to require that the Shares ... be offered for repurchase and the subsequent unilateral transfer of the Shares on the stock transfer records of the company is invalid and of no force or effect...." Counterclaim, ¶ 64. In the Order filed on August 2, 1991, this Court granted summary judgment in favor of Unigroup on Count I of the Counterclaim. This Court stated that under Missouri law, reasonable restrictions on the right to transfer stock may be imposed by agreement and the agreements are generally valid. *1174 The Court went on to find that the restriction on the right to transfer was valid in the present cause and that summary judgment was appropriate on Count I of the Counterclaim.
Intervenor Winokur's argument that there was no transfer of the shares upon the death of Marie Harrison and, therefore, no right by plaintiff to repurchase the shares has already been decided by this Court in the Order granting summary judgment on Count I of the Counterclaim. As stated previously, the restriction upon transfer was reasonable and plaintiff's exercise of the right to repurchase was valid. As stated in Little Earth of United Tribes v. Dept. of Housing, 807 F.2d 1433 (8th Cir.1986), the doctrine of law of the case "applies to issues implicitly decided in earlier stages of the same case." Id. at 1438. Any issues concerning the validity of plaintiff's repurchase were previously decided by this Court and subsequently affirmed by the Eighth Circuit Court of Appeals.
Thus, it is the opinion of this Court that intervenor Winokur's Motion for Partial Summary Judgment should be denied and Unigroup's Cross-Motion for Summary Judgment should be granted because the Court has previously held that plaintiff's exercise of its right to repurchase was valid by granting summary judgment on Count I of the Counterclaim and the claim, therefore, is barred by the doctrine of law of the case.

B. Motion for Summary Judgment on the Remaining Counterclaims
Unigroup moves for summary judgment on the remaining counts of the Counterclaim, arguing that the remaining substantive counterclaims require demand on the shareholders or exhaustion of internal corporate remedies prior to filing a derivative action and that the counterclaimants have failed to do so. Counterclaimant O'Rourke opposes said motion, arguing that the remaining counterclaims are not all derivative in nature and that with respect to the derivative counterclaims, demand is excused.
Fed.R.Civ.P. 23.1 requires a plaintiff bringing a derivative action to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed.R.Civ.P. 23.1. The necessity of demand is controlled by state law and the Missouri law which governs a derivative action requires a plaintiff to make demand for remedial action on all of the shareholders prior to filing a derivative action. Wolgin v. Simon, 722 F.2d 389, 392 (8th Cir.1983) (citations omitted).
The rationale behind the requirement of demand upon the corporation's shareholders is that the challenged acts are subject to ratification by a majority of the shareholders and in the event of ratification, there can be no basis for derivative litigation. Wolgin, 722 F.2d at 392. There is an exception to this general rule, however. "A shareholder need not make a demand to the other shareholders for suit where the officers or directors of the corporation have committed ultra vires, illegal or fraudulent acts because these acts cannot be ratified by shareholders." Id. (citations omitted). Demand is also unnecessary if the petition alleges a situation where "the majority of the stockholders participated in the acts complained of, or, where the defendants sued are the holders of the majority of the shares, or other facts showing such a demand would be useless or futile." Saigh v. Busch, 396 S.W.2d 9, 18 (Mo.Ct.App.1965) (citations omitted). It is insufficient under Missouri law, however, to simply allege in the pleading that relief was not demanded of the shareholders because it would have been futile to do so. O'Maley v. ISC Industries, Inc., 519 S.W.2d 346, 349 (Mo.Ct.App.1975).
Unigroup moves for summary judgment with respect to Counts III, V and VII, arguing that the claims are derivative and that counterclaimants have failed to make demand upon the shareholders without any legal excuse. Counterclaimant O'Rourke argues that Unigroup's Motion for Summary Judgment on the Remaining Counts of Counterclaims is barred by the law of the case because the Court has previously denied Unigroup's Motion to Dismiss with respect to *1175 said issue on May 15, 1990. The standards for dismissal and the standards for summary judgment are very different, however. The Court considers a Motion to Dismiss based upon the pleading itself, without any further evidence being produced by the parties. A motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).
A motion for summary judgment, however, requires the parties to provide evidence in support of and in opposition to the motion. The moving party must demonstrate that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller, 368 U.S. at 467, 82 S.Ct. at 488. The nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Liberty Lobby, Inc., 477 U.S. at 249, 106 S.Ct. at 2510. Thus, the Court will review Unigroup's Motion for Summary Judgment because the time for filing said motions are at different stages in the litigation process and the standards for review are different.
Counterclaimants allege in the Counterclaim that:
Demand upon Unigroup's shareholders would be futile because in committing the acts complained of herein, ... UniGroup's officers and directors violated the special trust committed to them as fiduciaries for Unigroup's shareholders and in doing so performed such ultra vires, fraudulent and illegal acts as cannot be ratified by even a majority of UniGroup's shareholders.
Counterclaim, ¶ 60. In their memorandum in support of summary judgment, Unigroup argues that the challenged actions are not ultra vires, illegal or fraudulent.
Both parties agree that the allegations contained in Count IV are not derivative in nature and, therefore, the Missouri law regarding derivative actions discussed previously is inapplicable to Count IV. Counterclaimant O'Rourke argues that the allegations contained in Count III are also not derivative in nature. It is the opinion of this Court that Count III is also a derivative claim. Although counterclaimants allege direct injury to themselves based upon the alleged payment of bonuses, the direct injury was to either the corporation, who lost the reinvestment of the excess profits, or to the shareholders, who lost the payment of dividends, or to both. Count III, therefore, is best suited as a derivative claim and will be analyzed as such.
In Wolgin, the United States Court of Appeals for the Eighth Circuit noted that a "corporation acts `ultra vires,' or beyond its power, when it acts in an area outside the scope of the power allowed by its charter or statute. An ultra vires act is not to be confused with an illegal act." Wolgin, 722 F.2d at 393 (citations omitted). Counterclaimant O'Rourke argues that the alleged payment of bonuses to directors and domestic hauling agents constitutes a gift and a waste of corporate assets and is, therefore, ultra vires and illegal because the payment of bonuses was made without any valid corporate need or justification. Counterclaimants fail to set forth, however, any relevant portions of Unigroup's articles of incorporation to demonstrate that the alleged acts fall outside the scope of the power established in those articles and fail to present evidence which would indicate that the corporation acted ultra vires. See Wolgin, 722 F.2d at 393. Furthermore, there is no constitutional or statutory violation alleged and, therefore, no illegality. Although the facts alleged:
may have constituted a breach of fiduciary duty or may have been imprudent, they are acts which may be ratified by the shareholders. The shareholders are in the best position to judge whether these actions were taken wisely and the issue should have been submitted to them.
Id. at 394.
Thus, it is the opinion of this Court that Unigroup's Motion for Summary Judgment with respect to Counts III and V of the Counterclaim should be granted because there are no genuine issues of material fact and Unigroup is entitled to judgment as a matter of law in that the payment of bonuses *1176 was not ultra vires or illegal and, therefore, demand should have been made upon the shareholders of Unigroup.
Unigroup moves for summary judgment with respect to Count VII, arguing that counterclaimants have failed to provide any evidence which would indicate fraud. Counterclaimants allege that the recommendation and adoption of the anti-takeover provisions adopted in 1985 and 1987, comprising Articles Third, Fifth, Eighth and Ninth of the Articles of Incorporation, purporting to limit the number of shares of the corporation that can be held by any one person, requiring super-majority voting for change in control, and providing that directors may only be removed for cause as defined therein, and the related by-law amendments, were procured by fraudulent disclosures. Counterclaim, ¶ 77.
Fed.R.Civ.P. 9(b) provides that the circumstances constituting fraud must be stated with particularity in the parties' pleadings. In the present cause, counterclaimants have not alleged with particularity the circumstances surrounding the alleged fraudulent disclosures. In counterclaimant O'Rourke's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, counterclaimant O'Rourke sets forth various disclosures and omissions in the Information Statement for the 1985 amendments. In order to show fraud under Missouri law, the party must show: "(1) a false material representation, (2) the speaker's knowledge of its falsity or his ignorance of its truth, (3) the speaker's intent that it should be acted upon by the hearer in a manner reasonably contemplated, (4) the hearer's ignorance of the falsity of the statement, (5) the hearer's reliance on its truth and the right to rely thereon, and (6) proximate injury resulting from the false statements." Foster v. CBS, Inc., 567 F.Supp. 128, 130 (E.D.Mo.1983). Counterclaimants have failed to provide evidence relating to each of the elements of fraud sufficient to create a genuine issue of material fact as to those elements.
Thus, it is the opinion of this Court that Unigroup's Motion for Summary Judgment should be granted with respect to Count VII of the Counterclaim because there are no genuine issues of material fact and Unigroup is entitled to judgment as a matter of law in that counterclaimants have failed to provide sufficient evidence to create a genuine issue of material fact as to any fraud by Unigroup and, therefore, demand should have been made upon the shareholders of Unigroup.
Finally, Unigroup moves for summary judgment with respect to Count IV of the Counterclaim, although it is not a derivative claim, arguing that counterclaimants failed to exhaust their means of redress through the corporation before bringing such a claim in court. Counterclaimant O'Rourke fails to address Unigroup's argument in its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.
In Long v. Norwood Hills Corp., 380 S.W.2d 451 (Mo.Ct.App.1964), the Missouri Court of Appeals addressed this issue, stating in pertinent part:
Plaintiff in his petition alleges that there is no intention or desire on the part of those in control of the management of defendant corporation to ever pay a reasonable dividend to stockholders.... Whatever plaintiff means by this allegation it is the rule that individual stockholders cannot sue the corporation for failure of its directors to declare a dividend until they have exhausted means of redress through the corporation.
Id. at 477 (citation omitted). In the present cause, counterclaimants have failed to present any evidence to indicate that they ever requested Unigroup's directors to declare a dividend or voiced an objection to the dividend policy.
Assuming, arguendo, that demand was made upon the directors, Missouri law gives the directors of a corporation large discretion in deciding upon the payment of dividends with which the courts will not interfere unless bad faith or abuse of discretion is shown. Id. at 477-78. In the present cause, counterclaimants have failed to present evidence sufficient to create a genuine issue of material fact as to any bad faith or abuse of discretion by Unigroup's directors with respect to the payment of dividends.
*1177 Thus, it is the opinion of this Court that Unigroup's Motion for Summary Judgment with respect to Count IV should be granted because there are no genuine issues of material fact and Unigroup is entitled to judgment as a matter of law in that counterclaimants have failed to exhaust their means of redress through the corporation with respect to dividends and have failed to present sufficient evidence to indicate any bad faith or abuse of discretion by Unigroup's directors.

ORDER
In accordance with the Memorandum filed herein this day,
IT IS HEREBY ORDERED that intervenor Winokur's Motion for Partial Summary Judgment is DENIED.
IT IS FURTHER ORDERED that Unigroup's Cross-Motion for Summary Judgment is GRANTED.
IT IS FINALLY ORDERED that Unigroup's Motion for Summary Judgment on Remaining Counts of Counterclaims is GRANTED. Judgment is hereby entered against counterclaimants and in favor of plaintiff and the remaining counterclaim defendants with respect to Counts III, IV, V, VII, VIII and IX of the Counterclaim.
NOTES
[1] Counts VIII and IX of the Counterclaim are remedial rather than substantive. Count VIII seeks the dissolution of Unigroup and Count IX seeks punitive damages. Both are based upon counterclaimants' allegations that Unigroup's actions were oppressive, malicious and intentional.